IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DARREN BOYDSTON,<br>    ID # 1954691,<br>        Petitioner, | )<br>)<br>)<br>) |
| vs. | )   No. 3:21-CV-1735-K-BH |
| | ) |
| DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Protective Petition to Stay and Abey* [sic] *Federal Habeas Proceedings*, received on July 26, 2021 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.   BACKGROUND**

Michael Darren Boydston (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging two 2014 convictions and sentences for indecency with a child by contact and sexual assault of a child. (*See* doc. 3); https://offender.tdcj.texas.gov/OffenderSearch (last visited Aug. 2, 2021). His convictions were affirmed on direct appeal. *See Boydston v. State*, No. 10-14-00310-CR, 2015 WL 4710260 (Tex. App.—Waco Aug. 6, 2015, pet. ref'd). On February 24, 2016, his petition for discretionary review (PDR) was refused; his request for a rehearing was denied on April 27, 2016. *See Boydston v. State*, No. PD-1246-15 (Tex. Crim. App. Feb. 24, 2016).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

According to Petitioner, he filed his first state habeas application with the trial court on May 23, 2017. (*See* doc. 3 at 4; doc. 4 at 9.)[2] On October 5, 2017, he sought leave from the Texas Court of Criminal Appeals to file a mandamus petition in connection with the state habeas application; leave was denied without written order. *See In re Boydston*, WR-87,504-01 (Tex. App. Nov. 1, 2017). Petitioner's state habeas application was received by the Texas Court of Criminal Appeals on October 23, 2017, and denied on March 21, 2018, without written order on the findings of the trial court without a hearing. *See Ex parte Boydston*, WR-87,504-02 (Tex. Crim. App. Mar. 21, 2018). While Petitioner's state habeas application was pending, the Texas Court of Criminal Appeals received two subsequent state habeas on February 13, 2018, and February 14, 2018, which it denied without written order on March 7, 2018. *See Ex parte Boydston*, WR-87,504-03 (Tex. Crim. App. Mar. 7, 2018); *Ex parte Boydston*, WR-87,504-04 (Tex. Crim. App. Mar. 7, 2018). He requested leave to file a mandamus petition on April 18, 2018, which was denied without written order on June 6, 2018. *See In re Boydston*, WR-87,504-05 (Tex. Crim. App. June 6, 2018). His third request for leave to file a mandamus petition was filed on July 19, 2021, and is pending with the Texas Court of Criminal Appeals. *See In re Boydston*, WR-87,504-06 (Tex. Crim. App. July 19, 2021). The mandamus petition asks the Court of Appeals to order the trial court to either grant or deny him an opportunity to respond to supplemental findings issued in the state habeas proceedings. (*See* doc. 4 at 11-12.)

Citing his pending mandamus petition, Petitioner seeks to stay and abate his § 2254 petition "until all state remedies are exhausted." (*Id.* at 1.)

## II.   STAY AND ABEYANCE

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir.1986); *Richardson,* 762 F.2d at 432.

When a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'") (quoting *Rhines,* 544 U.S. at 277)), abrogated on other grounds by *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

Here, Petitioner has not met the *Rhines* standard. He does not allege or identify any § 2254 claim for relief that has not been exhausted in state court through the filing of his PDR or state habeas applications, all of which have been resolved, or explained why any such claim was not exhausted. To the extent he relies on his pending state petition for a writ of mandamus as the basis for a stay and abeyance of his § 2254 petition, state mandamus actions do not exhaust state

remedies for purposes of § 2254(b).  *See, e.g.*, *Mayberry v. Stephens*, No. SA-13-CV-825-XR, 2014 WL 280390, at *4 (W.D. Tex. Jan. 24, 2014) ("An application for a writ of mandamus does not satisfy the [§ 2254] exhaustion requirement because the disposition of the application does not constitute collateral review of the conviction."); *Garcia v. Quarterman*, No. H-09-389, 2009 WL 578527, at *1 (S.D. Tex. Mar. 4, 2009) (finding that § 2254 petitioner had already exhausted state remedies where petitioner had pending petition for a writ of mandamus seeking order for rehearing on denied state habeas application, and denying motion to stay and abate § 2254 petition). Petitioner therefore fails to show good cause.

Petitioner also has not shown that any unexhausted claim is meritorious.  His mandamus petition challenges events that he alleges took place during the state habeas proceedings.  (*See* doc. 4 at 3-12.)  "An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"  *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *see also Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("alleged infirmities in state habeas proceedings are not grounds for federal habeas relief."); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that 'infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.'").  Accordingly, even if Petitioner's mandamus claims were subject to the exhaustion requirement, they are not cognizable in a federal habeas action, and are therefore without merit.

Because Petitioner has not shown that he is entitled to a stay and abeyance under the standard set forth in *Rhines*, his request should be denied.

### III.   RECOMMENDATION

The *Protective Petition to Stay and Abey* [sic] *Federal Habeas Proceedings*, received on

4

July 26, 2021 (doc. 4), should be **DENIED**.

      **SIGNED this 3rd day of August, 2021.**

 

                                                    IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE