**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL DARREN BOYDSTON,** | ) | |
| **ID # 1954691,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:21-CV-1735-K-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 26, 2021 (doc. 3).  Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

Michael Darren Boydston (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging two 2014 convictions and sentences for indecency with a child by contact and sexual assault of a child.  (*See* doc. 3); https://offender.tdcj.texas.gov/OffenderSearch (last visited Aug. 11, 2021).  His convictions were affirmed on direct appeal.  *See Boydston v. State*, No. 10-14-00310-CR, 2015 WL 4710260 (Tex. App.—Waco Aug. 6, 2015, pet. ref'd).  On February 24, 2016, his petition for discretionary review (PDR) was refused; his request for a rehearing was denied on April 27, 2016.  *See Boydston v. State*, No. PD-1246-15 (Tex. Crim. App. Feb. 24, 2016).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

According to Petitioner, he filed his first state habeas application with the trial court on May 23, 2017. (*See* doc. 3 at 4; doc. 4 at 9.)[2] On October 5, 2017, he sought leave from the Texas Court of Criminal Appeals to file a mandamus petition in connection with the state habeas application, but leave was denied without written order. *See In re Boydston*, WR-87,504-01 (Tex. App. Nov. 1, 2017). Petitioner's state habeas application was received by the Texas Court of Criminal Appeals on October 23, 2017, and denied on March 21, 2018, without written order on the findings of the trial court without a hearing. *See Ex parte Boydston*, WR-87,504-02 (Tex. Crim. App. Mar. 21, 2018). His request for reconsideration was denied on April 5, 2018. *See id.* On March 2, 2021, he filed a second request for reconsideration, which was denied on March 31, 2021. *See id.* While Petitioner's state habeas application was pending, the Texas Court of Criminal Appeals also received two subsequent state habeas applications on February 13, 2018, and February 14, 2018, both of which it denied without written order on March 7, 2018. *See Ex parte Boydston*, WR-87,504-03 (Tex. Crim. App. Mar. 7, 2018); *Ex parte Boydston*, WR-87,504-04 (Tex. Crim. App. Mar. 7, 2018). He requested leave to file a mandamus petition on April 18, 2018, and leave was denied without written order on June 6, 2018. *See In re Boydston*, WR-87,504-05 (Tex. Crim. App. June 6, 2018). His third request for leave to file a mandamus petition was filed on July 19, 2021, and remains pending before the Texas Court of Criminal Appeals. *See In re Boydston*, WR-87,504-06 (Tex. Crim. App. July 19, 2021). The mandamus petition asks the Court of Appeals to order the trial court to either grant or deny him an opportunity to respond to supplemental findings issued in the state habeas proceedings. (*See* doc. 4 at 11-12.)

Petitioner's § 2254 petition raises the following claims:

(1) Prosecutor willfully engaged in misconduct during its presentation of extraneous matters, guilt/innocence phase, in violation of the Sixth and

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Fourteenth Amendment[s];

(2) Prosecutor willfully engaged in misconduct during closing arguements [sic] in violation of the Sixth and Fourteenth Amendments;

(3) Ineffective Assistance of counsel, pretrial, in violation of the Sixth Amendment;

(4) Petitioner asserts he was denied effective assistance of counsel during voir dire, in violation of the Sixth Amendment;

(5) Ineffective assistance of counsel, during states [sic] presentation of extraneous offense evidence, guilt/innocence phase, in violation of the Sixth Amendment;

(6) Ineffective assistance of counsel during states [sic] presentation of the charges at bar, in violation of the Sixth Amendment;

(7) Ineffective assistance of trial counsel, general, in violation of the Sixth and Fourteenth Amendment[s];

(8) Failure to raise meritorious claims of prosecutorial misconduct resulted in ineffective assistance of Appellate Counsel as guaranteed by the Sixth and Fourteenth Amendment[s] to the Constitution;

(9) Failure to raise meritorious claims of abuse of discretion resulted in ineffective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendment[s] to the Constitution;

(doc. 3 at 6-14.)

## II.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on July 26, 2016, after the expiration of the 90-day period to file a petition for a writ of certiorari with the Supreme Court following the denial of his request for a rehearing on the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court."); U.S. Sup. Ct. R. 13.3 ("if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing"). Petitioner has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

Regarding § 2244(d)(1)(B), Petitioner states that he "believes, knows, there has been a state created impediment barring him his constitutional rights." (doc. 3 at 18.) He cites to his mandamus petition pending in the Texas Court of Criminal Appeals, and claims that he "has not been allowed to exhaust all state remedies." (*Id.*; *see also* doc. 4 at 5-19.) The § 2254 petition and his pending

4

state mandamus petition fail to identify any unconstitutional state-created impediment that prevented him from filing his § 2254 petition here, however; nor do they identify when any such impediment was removed. Moreover, contrary to Petitioner's allegations, he exhausted state remedies in accordance with § 2254 for the claims raised in his PDR and state habeas applications, all of which have been resolved by the Texas Court of Criminal Appeals. *See, e.g.*, *Garcia v. Quarterman*, No. H-09-389, 2009 WL 578527, at *1 (S.D. Tex. Mar. 4, 2009) (finding that § 2254 petitioner had already exhausted state remedies where petitioner had pending petition for a writ of mandamus seeking order for rehearing on denied state habeas application). Accordingly, § 2254(d)(1)(B) does not apply to the petition.

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, July 26, 2016. Petitioner filed this habeas action five years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

A.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

By the time Petitioner filed his first state habeas application on May 23, 2017, 301 days had elapsed since his conviction became final on July 26, 2016, leaving him 64 days to file his federal petition. (*See* doc. 3 at 4; doc. 4 at 9.) The Texas Court of Criminal Appeals denied the habeas application on March 21, 2018, and denied a rehearing on April 5, 2018. *See Ex parte*

*Boydston*, WR-87,504-02.  While his state habeas application was pending, his other state habeas applications were received and denied.  *See Ex parte Boydston*, WR-87,504-03; *Ex parte Boydston*, WR-87,504-04.  The limitations period was therefore tolled from May 23, 2017, through April 5, 2018, when the Texas Court of Criminal Appeals denied his motion for reconsideration, and it began to run again on April 6, 2018.  The limitations period ran for the remaining 64 days and expired on Saturday, June 9, 2018, so he would have had until the next business day, Monday, June 11, 2018, to file his federal habeas petition.[3]  *See* Fed. R. Civ. P. 6(a)(1)(C).  Petitioner did not file his second motion to reconsider the denial of his state habeas application and § 2254 petition until over two and three years later, respectively. Statutory tolling does not save the petition.

**B.**     **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated*

---

[3] Additionally, his state petitions for writs of mandamus did not statutorily toll the limitations period because they do not constitute post-conviction or other collateral review that tolls limitations under § 2244(d)(2).  *See Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *2 (N.D. Tex. Dec. 10, 2015) (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)), rec. adopted, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016); *Carr v. Dretke*, No. 5:03-CV-330-C, 2004 WL 2049318, at *3 (N.D. Tex. Sept. 10, 2004); *see also Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction.").

*on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

## C.    <u>Actual Innocence</u>

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513

7

U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner appears to claim that prior written statements of state witnesses, including the complainant in the state case, and testimony of his girlfriend would have assisted and helped to prove his claim of innocence if not for counsel's alleged ineffective assistance.  (*See* doc. 3 at 9-10.)  Liberally construing his allegations as a claim of actual innocence, his factual assertions are based on evidence that was available at trial, not new evidence.  He is therefore not entitled to equitable tolling based on alleged actual innocence.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 26, 2021 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 12th day of August, 2021.**

*[signature]*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9