IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DARREN BOYDSTON,<br>    ID # 1954691,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)   No. 3:21-CV-1735-K-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion to Add to Attachment of Petitioners* [sic] *Original Protective Petition to Stay and Abey* [sic], received on August 27, 2021 (doc. 14). Based on the relevant filings and applicable law, the motion should be construed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b) and **DENIED**.

### I.   BACKGROUND

On July 26, 2021, Michael Darren Boydston (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his two 2014 convictions and sentences for indecency with a child by contact and sexual assault of a child. (*See* doc. 3); https://offender.tdcj.texas.gov/OffenderSearch (last visited Aug. 31, 2021). Citing the attached copy of his pending mandamus petition in the Texas Court of Criminal Appeals in Cause No. WR-87,504-02, he also moved to stay and abate his § 2254 petition "until all state remedies are exhausted." (*See* doc. 4 at 1.) On August 3, 2021, it was recommended that his motion be denied because he failed to show entitlement to a stay and abeyance under the standard set out in *Rhines*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

*v. Weber*, 544 U.S. 269, 278 (2005). (*See* doc. 8 at 2-5.) He objected to the recommendation on August 23, 2021, and on August 25, 2021, the Court accepted the findings and recommendation and denied his motion to stay and abate federal proceedings. (*See* docs. 11, 13.)

Petitioner now seeks to add a two-page attachment from his pending state mandamus action to his motion to stay and abate federal proceedings. (*See* doc. 14 at 3-4.)

## II.     FED. R. CIV. P. 54(B)

Because Petitioner's motion was received after entry of the order denying his motion to stay and abate federal habeas proceedings, and it seeks to add an attachment to the motion to stay and abate for the Court's consideration, it should be liberally construed as a motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Moctezuma v. Islas*, No. 4:18-CV-342, 2020 WL 1984326, at *2 (E.D. Tex. Apr. 27, 2020) (construing motion and objections received after entry of order adjudicating fewer than all claims in the suit as a motion to reconsider under Rule 54(b)).

As noted by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit), "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United*

2

*States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)); *Cabral v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, Petitioner seeks to add a two-page attachment from his pending state mandamus action to his motion to stay and abate federal proceedings. (*See* doc. 14 at 3-4.) He contends that he "just came across a copy of, part of, Attachment A of his Protective Petition to Stay and Abey [sic] that was suppose [sic] to be included." (*Id.* at 1.) He claims that he cited this document in his objections to the recommendation for denial of the motion, and that, "[d]umbfounded by the realization of this issue, without the aide [sic] of the law library, Petitioner is trying to get this evidence to the Court as quick as possible." (*Id.* at 1-2.) The same attachment Petitioner seeks to add to his motion to stay and abate was included in the original attachment to that motion, however. (*See* doc. 4 at 3-4.) Because the attachment Petitioner seeks to add to his motion to stay and abate federal proceedings was already presented in that motion and considered by the Court, Petitioner has not shown that justice requires reconsideration of the denial of his motion to stay and abate

3

these proceedings. He has still not shown that he has met the *Rhine* standard, and his motion for reconsideration should be denied.

### III. RECOMMENDATION

The *Motion to Add to Attachment of Petitioners* [sic] *Original Protective Petition to Stay and Abey* [sic], received on August 27, 2021 (doc. 14), should be construed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b) and **DENIED**.

**SIGNED this 1st day of September, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE